# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

EVANDER KELLEY,
   Petitioner,

vs.

TIMOTHY BRUNSMAN, WARDEN,
   Respondent.

Civil Action No. 1:08-cv-71

Spiegel, J.
Hogan, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, a state prisoner, brings this case *pro se* seeking a writ of habeas corpus pursuant

to 28 U.S.C. § 2254. This matter is before the Court on the petition (Doc. 3), respondent's return of

writ and exhibits thereto (Doc. 10), and petitioner's response to the return of writ. (Doc. 14).

## I. PROCEDURAL HISTORY[1]

The 2005 Term of the Hamilton County Grand Jury indicted Kelley on three counts of

aggravated robbery as defined in Ohio Revised Code § 2911.01(A)(1); three counts of robbery as

defined in Ohio Revised Code § 2911.02(A)(2); and five counts of felonious assault as defined in

Ohio Revised Code § 2903.11(A), each with four firearm specifications. (Doc. 10, Exhibit 1). On

May 8, 2006, Kelley pled guilty to three counts of aggravated robbery (Counts 1, 5 and 8), and three

counts of felonious assault, each with one specification (Counts 3, 7 and 10). (Doc. 10, Exhibit 2).

The remaining charges were dismissed. (Doc. 10, Exhibit 3).[2] Pursuant to the agreed sentence

contained in the plea agreement, the trial court sentenced Kelley to concurrent prison terms of nine

years for aggravated robbery and three years for felonious assault. The court further imposed

concurrent three year sentences for each specification, to be served consecutively to the nine year

---

[1]Petitioner concurs with the procedural history set forth in the return of writ. (Doc. 14 at 1). Therefore, the
Court adopts that history and includes it herein verbatim.

[2]According to the entry of dismissal, Kelley was convicted on specifications three and four to counts 1, 3, 5,
7, 8 and 10. (Doc. 10, Exh. 3). At the plea proceeding, the court found Kelley guilty of specification four to those
charges. (Doc. 10, Exh. 16, Tr. 16). The latter finding was consistent with the judgment of entry. (Doc. 10, Exh. 4).

prison term. The total sentence was twelve years. (Doc. 10, Exhibits 2, 4 Case No. B051000-B).[3]

## Delayed Direct Appeal

On August 11, 2006, Kelley filed a notice of appeal and a motion for leave to file a delayed

appeal in the First District Court of Appeals. (Doc. 10, Exhibit 6). Kelley raised these proposed

assignments of error:

> 1. Defendant-appellant was deprived of his absolute right to procedural due process
> of law where the trial court failed to impose the mandatory minimum sentence in this
> case pursuant to Ohio Revised Code 2929.14(B), notwithstanding the dicta opinion
> of *State v. Foster* (2006), 109 Ohio St. 3d 1, 845 N.E. 2d 2740.
>
> 2. Defendant-appellant's sentence is void ab initio where the defendant-appellant
> was not put on notice that the maximum/minimum sentence mandated by O.R.C.
> 2929.14(B) was to be enhanced to a 12 year sentence.
>
> 3. Defendant-appellant's sentence must be reduced to the shortest prison term
> mandated under O.R.C. 2929.14 (B), notwithstanding the dicta opinion of *State v.
> Foster* (2006), 109 Ohio St. 3d 1, 845 N.E. 2d 740 to avoid violating the ex post
> facto and double jeopardy causes of the Ohio and United States Constitution.
>
> 4. Defendant-appellant was deprived of the effective assistance of trial counsel.

(Doc. 10, Exhibit 7). As cause for his delay, Kelley argued that his trial counsel had incorrectly

advised him that his agreed sentence was not appealable and the trial court failed to advise him of

his right to appeal his sentence. (*Id.*). The State opposed the motion for delayed appeal. (Doc. 10,

Exhibit 8). On September 7, 2006, the Court of Appeals denied Kelley leave to appeal because he

did not provide sufficient reasons for his failure to perfect a timely appeal. As an additional reason

for denying the motion, the Court noted that there was an agreed sentence, citing Ohio Rev. Code §

2953.08 (D). (Doc. 10, Exhibit 9, Case No. C-060678).

---

[3]Under case number B-0511137, Kelley pled guilty to and was convicted of one count of possession of
drugs in the Hamilton County Common Pleas Court. (Doc. 10, Exhibit 5). Kelley was sentenced to six months
incarceration to be served concurrent to the sentence in case number B-0510000-B. (*Id.*, Case No. B-0511137).

2

On October 16, 2006, Kelley filed a notice of appeal in the Ohio Supreme Court. (Doc. 10, Exhibit 10). In his memorandum in support of jurisdiction, Kelley raised the following propositions of law:

> 1. It is a denial of the absolute right to procedural due process of law for the court of appeals to overrule a motion for leave to appeal in lieu of record evidence that the defendant waived his right to appeal and his right to court appointed counsel for such appeal. *Douglas v. California*, 372 U.S. 353, 83 S.Ct 814 (1963); *State v. Sims* (1971), 27 Ohio St. 2d 79, 272 N.E. 2d 87, applied.

> 2. The court of common pleas violated appellant's right to trial by jury by sentencing appellant to a term of incarceration which exceeded the statutory maximum mandated by the Sixth and Fourteenth Amendments. The decision rendered by this Ohio Supreme Court in *State v. Foster* (2006), 109 Ohio St. 3d 1, which purports to authorize sentences in excess of the statutory maximum, is incompatible with the controlling precedent of the United States Supreme Court and must be rejected.

> 3. The court of common pleas violated appellant's rights under the ex post facto clause of the federal constitution by sentencing appellant to a term of incarceration which exceeds the maximum available under the statutory framework at the time of the offenses. The decision rendered by this Ohio Supreme Court in *State v. Foster* (2006), 109 Ohio St. 3d 1, which purports to authorize the sentence rendered against appellant, is incompatible with the controlling precedent of the United States Supreme Court and violates his absolute right to procedural due process of law.

> 4. Defendant-appellant's sentences are void because he was never put on notice that his maximum/minimum sentence of six years was to be enhanced at sentencing in this case a structural constitutional defect in violation of his absolute right to procedural due process of law.

(Doc. 10, Exhibit 11). On February 7, 2007, the Ohio Supreme Court denied Kelley leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. 10, Exhibit 12, Case No. 2006-1922).

## Federal Habeas Corpus

Kelley filed the instant Petition for Writ of Habeas Corpus setting forth the following grounds

for relief:

> **GROUND ONE:** The courts denied petitioner's absolute right to procedural due process.
>
> Supporting Facts: It is a denial of the absolute right to procedural due process of law for the court of appeals to overrule a motion for leave to appeal in lieu of record evidence that the petitioner waived his right to appeal and his right to court appointed counsel for such appeal.
>
> **GROUND TWO:** Violation of petitioner's right to trial by jury.
>
> Supporting Facts: The court of common pleas violated petitioner's right to trial by jury by sentencing petitioner to a term of incarceration which exceeded the statutory maximum mandated by the Sixth and Fourteenth Amendments.
>
> **GROUND THREE:** Violation of petitioner's right under the ex post facto clause of the federal constitution.
>
> Supporting Facts: The court of common pleas violated petitioner's rights under the ex post facto clause of the federal constitution by sentencing petitioner to a term of incarceration which exceeds the maximum available under the statutory framework at the time of the offenses.
>
> **GROUND FOUR:** Petitioner's sentences are void.
>
> Supporting Facts: Sentences are void because he was never put on notice that his maximum/minimum sentence of six years was to be enhanced at sentencing, in this case a structural constitutional defect in violation of his absolute right to procedural due process of law.

(Doc. 3).

## II. STANDARD OF REVIEW

On federal habeas review, the factual findings of the state appellate court are entitled to a presumption of correctness in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This Court is bound by the state court adjudications unless those decisions are contrary to or an unreasonable application of clearly established federal law. *Franklin*

*v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104- 132, 110

Stat. 1214 ("AEDPA"), a writ of habeas corpus may not issue with respect to any claim adjudicated

on the merits in state court unless the adjudication either:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> The phrases "contrary to" and "unreasonable application" have independent meanings: A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the law set forth in . . . [Supreme Court] cases, or if it decides a case differently that we have done on a set of materially indistinguishable facts. The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case. The focus on the latter inquiry is whether the state court's application of clearly established federal law is objectively unreasonable . . . and an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002)(citation omitted).

However, if a state court does not articulate the reasoning behind its decision or fails to

address the constitutional issues, the federal court must look at the state court's decision and

conduct an independent inquiry into whether the state court reached a decision contrary to clearly

established federal law or based its decision on an unreasonable determination of the facts in light

of the evidence presented. *Schoenberger v. Russell*, 290 F.3d 831, 835 (6th Cir. 2002); *Harris v.

Stovall*, 212 F.3d 940, 943 & n. 1 (6th Cir. 2000), *cert. denied*, 532 U.S. 947 (2001). The review is

not a full *de novo* review of the claims, but is deferential to the state court's determination. *Id.*

Since the Ohio Court of Appeals summarily denied petitioner's motion for a delayed appeal, and the Supreme Court of Ohio declined jurisdiction to consider petitioner's appeal, there is no court decision to evaluate in light of 28 U.S.C. § 2254, and the Court therefore will conduct its own deferential review.

## III. GROUNDS ONE AND TWO OF THE PETITION ARE WITHOUT MERIT

Ground One of the petition asserts that petitioner was denied due process when the Ohio Court of Appeals denied his motion for leave to appeal in the absence of record evidence that petitioner waived his right to appeal and his right to court appointed counsel for such appeal. In his motion for leave to file a delayed appeal, petitioner alleged the trial court failed to advise him of his right to appeal his sentence in accordance with Ohio Criminal Rule 32(A) and that his trial counsel incorrectly advised him that his agreed sentence was not appealable. (Doc. 10, Exhibit 7 at 2-3).

To the extent petitioner argues his rights were violated when the trial court failed to advise him of his appeal rights pursuant to Ohio Crim. R. 32,[4] this allegation of error fails to give rise to a cognizable constitutional claim subject to review in this federal habeas proceeding. A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). Thus, to the extent petitioner claims the trial court erred by not complying with the dictates of Ohio Crim. R. 32, his claim is not cognizable in federal

---

[4] Rule 32 provides in relevant part, "After imposing sentence in a serious offense, the court shall advise the defendant of the defendant's right, where applicable, to appeal or to seek leave to appeal the sentence imposed." Ohio Crim. R. 32(B)(2).

6

habeas corpus.

Likewise, to the extent petitioner claims that the Ohio Court of Appeals improperly denied his motion for delayed appeal under Ohio Appellate Rule 5(A), such a claim addresses a collateral matter that is unrelated to petitioner's detention. *Korbel v. Jeffreys*, 2007 WL 3146248, *3 (S.D. Ohio Oct. 24, 2007)(Report and Recommendation), *adopted,* 2008 WL 207932 (S.D. Ohio Jan. 24, 2008). Claims which address a collateral matter unrelated to the underlying conviction giving rise to a petitioner's conviction are not cognizable in federal habeas corpus. *See Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007); *Kirby v. Dutton,* 794 F.2d 245, 246-47 (6th Cir. 1986). Therefore, habeas corpus relief may not be granted on this basis.

Nor does petitioner's claim implicate federal constitutional concerns under the Due Process Clause. The decision to grant or deny a motion for leave to file a delayed appeal under Ohio App. Rule 5(A) is solely within the discretion of the Ohio Court of Appeals. *Granger v. Hurt*, 215 Fed. Appx. 485, 494-95 (6th Cir. Feb. 8, 2007) (not published in Federal Reporter). In *Granger*, the Sixth Circuit rejected the contention that a denial of a motion for delayed appeal, where the appellant complied with the requirements of Rule 5(A), violated his right to due process. *Granger*, 215 Fed. Appx. at 494-95.[5] Therefore, the Ohio Court of Appeals' denial of petitioner's motion for leave to file a delayed appeal does not, in itself, amount to a violation of due process.

In addition, the claims that petitioner was denied due process because he was not informed of his appeal rights and counsel mistakenly advised him he had no right to appeal his sentence are without merit. Although the Constitution does not require states to grant appeals as of right to

---

[5] Ohio App. Rule 5 states in pertinent part that "[a] motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. . . ."

criminal defendants seeking review of alleged trial errors, once a state does provide the right to appeal following a criminal conviction, the appeal process must comport with the Fourteenth Amendment's guarantees of due process and equal protection. *Evitts v. Lucey,* 469 U.S. 387, 393, 403 (1985); *see also Douglas v. California*, 372 U.S. 353, 356-57 (1963); *Griffin v. Illinois*, 351 U.S. 12, 18 (1956); *cf. Halbert v. Michigan,* 545 U.S. 605, 610, 616-23 (2005) (holding that the Due Process and Equal Protection Clauses require the appointment of counsel for indigent defendants seeking first-tier review of guilty or *nolo contendere* pleas in the intermediate state court of appeals, whose function is to review and "correct errors made by the lower courts," even though such review is discretionary under state law). It is well-settled that the Constitution is violated if a criminal defendant is denied an appeal "by reason of his lack of knowledge of his right and the failure of his counsel *or* the court to advise him of his right to appeal with the aid of counsel." *Goodwin v. Cardwell,* 432 F.2d 521, 522-23 (6th Cir. 1970) (emphasis added); *see Henderson v. Cardwell,* 426 F.2d 150, 154 (6th Cir. 1970); *Hall v. Yanai,* 197 Fed. Appx. 459, 460 (6th Cir. Sept. 27, 2006) (not published in Federal Reporter), *cert. denied,* 127 S.Ct. 2944 (2007). *See also Wolfe v. Randle*, 267 F. Supp.2d 743, 746-748 (S.D. Ohio 2003) ("[D]ue process is offended when a defendant who pled guilty is kept completely ignorant of his appellate rights."). In the context of a motion for delayed appeal, due process is only implicated "when the delayed appeal is the result of a lower court's failure to ensure than an indigent defendant's appellate rights are protected." *Wolfe,* 267 F. Supp.2d at 747. However, a court's "failure to advise the defendant of his right to appeal does not entitle him to habeas relief if he knew of his right and hence suffered no prejudice from the omission." *Peguero v. United States,* 526 U.S. 23, 24 (1999). Petitioner bears the burden of showing by a preponderance of the evidence that he was not advised of his rights. *Faught v. Cowan,* 507 F.2d

8

273, 275 (6th Cir. 1974), *cert. denied,* 421 U.S. 919 (1975).

In the instant case, petitioner argues that he was not informed of his appeal rights. He contends that the record does not reveal whether his attorney reviewed the elements of the charges against him and plea form with him and whether the court reviewed his psychological examination records to determine his mental ability to understand or comprehend the hearing. (Doc. 14 at 2).

Contrary to petitioner's contention, the record reveals that petitioner signed a guilty plea agreement indicating he understood the nature of the charges against him, was satisfied with his attorney's advice, counsel and competence, and was not under the influence of drugs or alcohol. (Doc. 10, Exhibit 2 at 2). The plea agreement also shows that petitioner had been advised of his right to appeal and of the time limit for filing an appeal:

> I understand that my plea of guilty is a complete admission of my guilt of the charge(s) against me. I know the judge may either sentence me today or refer my case for a presentence report. *I understand my right to appeal a maximum sentence; my other limited appellate rights, and that any appeal must be filed within 30 days of my sentence.*

(Doc. 10, Exhibit 2 at 2) (emphasis added). In addition, the guilty plea and sentencing transcript confirms that petitioner read, understood, and discussed with his counsel the guilty plea entry cited above. (Doc. 10, Exhibit 2, Exhibit 16 at 4, 8). Based on the above, it is clear that petitioner was informed and aware of his appellate rights. *See Warren v. Warden,* No. 1:06-cv-534, 2008 WL 1732976, at *4, *12 -13 (S.D. Ohio April 10, 2008) (Barrett, J.).

Although petitioner suggests there were psychological or mental health reasons that his waiver was not knowing or voluntary, he fails to allege any facts whatsoever or present any evidence supporting this contention. His conclusory allegation to the contrary cannot support a claim for habeas corpus relief.

Petitioner also argues that even though his responses to the questions posed by the court

during the plea hearing "appear[] to negate his allegations in the habeas petition" (Doc. 14 at 2), under the totality of the circumstances he did not voluntarily and knowingly waive his right to appeal. Petitioner cites to the "ritualistic litany of court questions" and his simple "yes" and "no" responses as somehow suggesting his waiver of his rights was not knowing and voluntary. *Id.*

As the Sixth Circuit has recognized under similar circumstances:

> If we were to rely on [petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy (which he now argues were untruthful) indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners such as Ramos from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

*Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). Thus, this Court on federal habeas corpus review may not rely on petitioner's subjective impression of the plea colloquy rather than the plain meaning of the statements made on the record and in open court. Having carefully reviewed the record, the Court is satisfied that petitioner was in fact informed of his right to take an appeal and accordingly is not entitled to habeas relief on this basis.

Petitioner also contends that he was denied the right to appeal by counsel's ineffectiveness. Petitioner states that when he informed counsel of his view that the sentence was disproportionate and excessive, counsel mistakenly advised him that his sentence was not appealable under Ohio Rev. Code § 2953.08(D). Petitioner contends counsel failed to inform him an appeal could be taken

10

under §§ 2953.08(A)(4) and (B)[6] if the sentence was "contrary to law." (Doc. 10, Exhibit 7 at 2).

To establish a claim of ineffective assistance of counsel, petitioner must show: (1) his counsel made such serious errors that he was not functioning as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced the defense by undermining the reliability of the result. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The Court may dispose of an ineffective assistance of counsel claim by finding that petitioner made an insufficient showing on either ground. *Id*. at 697.

Under the first prong of the *Strickland* test, petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness based on all the circumstances surrounding the case. *Id*. at 688. Under the "prejudice" prong of the *Strickland* test, petitioner must show that a "reasonable probability" exists that, but for his counsel's errors, the result of the criminal proceedings would have been different. *Id*. at 694.

Petitioner fails to establish the first prong of the *Strickland* test. Counsel's advice that petitioner's sentence was not appealable under Ohio Rev. Code § 2953.08(D) was not objectively unreasonable under the circumstances of this case because under Ohio law petitioner had no right to appeal a sentence that was imposed in accordance with the express terms of the parties' plea agreement.

Under Ohio law, a sentence which is agreed to by both the prosecution and the defendant,

---

[6]Section 2953.08(A)(4) provides: "In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds. . . The sentence is contrary to law."

Section 2953.08(B) provides for a right of appeal to a prosecuting attorney or similar chief legal officer and is inapplicable in petitioner's case.

authorized by law, and actually imposed by the sentencing judge is not subject to appellate review. *State v. Mathis,* 109 Ohio St.3d 54, 59, 846 N.E.2d 1, 6 (2006); *State v. Porterfield,* 106 Ohio St.3d 5, 829 N.E.2d 690, 691 (2005) (syllabus); Ohio Rev. Code § 2953.08(D)[7]. "A jointly recommended sentence is 'authorized by law' if the sentence does not exceed the maximum sentence that the statute permits a trial court to impose."*Rockwell v. Hudson,* No. 5:06-cv-391, 2007 WL 892985, at *6 (N.D. Ohio March 21, 2007) (quoting *State v. McMillen,* No. 01CA564, 2002 WL 1370655, at *2 (Ohio Ct. App. June 13, 2002) (citing cases)). *See also Cornell v. Jeffries,* No. 2:05cv948, 2006 WL 2583300, at *8 (S.D. Ohio Sept. 7, 2006) (Smith, J .) (and numerous Ohio cases cited therein). Therefore, unless petitioner's sentence was "not authorized by law," it appears that he waived his right to appeal his sentence.

In this case, the record does not reflect that petitioner's aggregate 12 year sentence was unauthorized by law since it did not exceed the maximum terms permitted under the statutes of conviction. Petitioner's sentences did not exceed the statutory maximum terms for his aggravated robbery and felonious assault convictions.[8] Thus, petitioner was not denied his constitutional right of appeal because Ohio Rev. Code § 2953.08(D) expressly precluded review of the agreed-to sentence authorized by Ohio law and imposed by the trial judge in this case. *See Chatman v. Wolfe,*

---

[7] Ohio Revised Code § 2953.08 provides in pertinent part:

(D) A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.

[8]The aggravated robbery conviction carried a potential sentence of 3 to 10 years; petitioner was sentenced to 9 years. *See* Ohio Rev. Code § 2929.14(A)(1) ("For a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, or ten years.") The felonious assault conviction carried a potential sentence of 2 to 8 years; petitioner was sentenced to 3 years. *See* Ohio Rev. Code § 2929.14(A)(2) ("For a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years.").

12

No. 1:06-cv-280, 2007 WL 2852341 (S.D. Ohio Oct. 1, 2007) (Barrett, J.).

To the extent petitioner alleges his sentence was not "authorized by law" within the meaning of Ohio Rev. Code § 2953.08(D) because the trial court imposed non-minimum sentences in violation of his right to trial by jury under the Sixth and Fourteenth Amendments as asserted in Ground Two of the petition (Doc. 3; *see also* Doc. 10, Exh. 11 at 4-10), this contention is likewise without merit. Petitioner argues that the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470, *cert. denied*, 127 S.Ct. 442 (2006), which excised certain provisions of Ohio's sentencing statute found to be unconstitutional, is incompatible with controlling United States Supreme Court authority and, therefore, his sentence which was imposed pursuant to the statute as revised by *Foster* is unconstitutional. (Doc. 10, Exh. 11 at 4-10).

In *State v. Foster*, the Supreme Court of Ohio held that several provisions of Ohio's felony sentencing statute were unconstitutional pursuant to the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). In *Blakely*, the United States Supreme Court determined that an enhanced sentence imposed by a judge under a state's sentencing statute, which was based on facts neither admitted by the defendant nor found by a jury, violated the Sixth Amendment to the United States Constitution. The Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 542 U.S. at 303. Importantly, the *Blakely* Court clarified that "the 'statutory maximum' . . . is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Id.*

The reasoning of *Blakely* was extended by the Supreme Court to the United States Sentencing Guidelines in *United States v. Booker*, 543 U.S. 220 (2005), which held that the Sixth Amendment as construed in *Blakely* applied to the Federal Sentencing guidelines and thus any fact

13

(other than a prior conviction) that increases a defendant's sentence beyond the statutory maximum must be presented to a jury and proved beyond a reasonable doubt. *See Booker*, 543 U.S. at 244. The *Booker* Court held that the Sentencing Guidelines were unconstitutional insofar as they mandated that a defendant's sentence be increased based on facts not found by the jury beyond a reasonable doubt. *Id.* at 243-44. To remedy the Sixth Amendment violation, the Supreme Court severed two sections of the Sentencing Reform Act, effectively making the Sentencing Guidelines advisory. *See id.* at 244-264 (severing and excising 18 U.S.C. § 3553(b)(1) & § 3742(e)).

On February 27, 2006, the Ohio Supreme Court in *State v. Foster,* 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), held that certain provisions of Ohio's sentencing statute were unconstitutional under *Blakely* because they mandated additional judicial fact-finding before the imposition of (1) more than the minimum term for those who have never served a prison term; (2) the maximum prison term; (3) consecutive prison terms; and (4) repeat-violent-offender and major-drug-offender penalty enhancements. *See id.* at 19-25, 845 N.E.2d at 490-94. Noting that the "overriding goals of Ohio's sentencing scheme are to protect the public and punish the offender," and that the Ohio legislature "delegated the role of determining the applicability of sentencing factors to judges rather than to juries to meet these overriding goals," the Ohio Supreme Court determined as in *Booker* that the proper remedy was to sever the *Blakely*-offending portions of the statutes and grant trial courts "full discretion to impose a prison sentence within the statutory range" without having to make findings or give reasons for imposing maximum, consecutive, or more than minimum sentences. *Id.* at 25-30, 845 N.E.2d at 494-98. Following the severance of the unconstitutional portions, the resulting Ohio sentencing statutes eliminated the presumptions in favor of minimum and concurrent sentences and allowed a court to sentence a defendant to any term within a crime's sentencing range

14

or to consecutive sentences without making findings of fact.

When petitioner was sentenced in May of 2006, *Foster* had already been decided and was applicable to his sentencing. Thus, the trial judge had full discretion to impose non-minimum prison terms without the necessity of judicial fact-finding when he sentenced petitioner. *Foster,* 109 Ohio St.3d at 25-30, 845 N.E.2d at 494-98. *See also Minor v. Wilson,* 213 Fed. Appx. 450, 453 n. 1 (6th Cir. 2007). More importantly, the trial judge did not engage in impermissible fact-finding because he imposed the non-minimum sentences to which petitioner agreed as set forth in the plea agreement. This Court has previously recognized that "by agreeing as a term of the plea bargain to a specified prison sentence . . . petitioner waived any argument that such sentence was imposed under statutory standards held to be unconstitutional by the Supreme Court in *State v. Foster*, 845 N.E.2d 470 (Ohio 2006), in light of *Blakely v. Washington*, 542 U.S. 296 (2004)." *Todd v. Wolfe*, No. 1:05-cv-737, 2007 W.L. 951616, at *7 n. 8 (S.D. Ohio March 28, 2007) (Spiegel, J.) (and cases cited therein). *See also Crenshaw v. Hart*, No. 1:07-cv-575, 2008 WL 4877765, at *7 (S.D. Ohio Nov. 12, 2008) (Beckwith, J.); *Warren v. Warden*, No. 1:06-cv-534, 2008 WL 1732976 at *5 (S.D. Ohio April 10, 2008) (Barrett, J.); *Carley v. Hudson*, 563 F. Supp.2d 760, 778 (N.D. Ohio 2008); *Rockwell v. Hudson,* No. 5:06-cv-391, 2007 WL 892985, at *7 (N.D. Ohio March 21, 2007).[9] The trial judge's sentence arose directly from the plea agreement itself and not on any judicially-found facts. The trial court accepted the terms bargained for by the parties and, under these circumstances, the Court cannot say that petitioner's sentence violated the Sixth Amendment or

---

[9]The undersigned acknowledges there is a contrary decision from the Columbus Division of this Court. *See Friley v. Wolfe*, 2006 WL 3420209 (S.D. Ohio Nov. 27, 2006) (Marbley, J.). However, for the reasons set forth in *Warren*, 2008 WL 1732976, *5, *16-17 (S.D. Ohio 2008), the Court declines to follow *Friley*.

*Blakely* and Ground Two of the petition is without merit. Because petitioner's sentence did not violate the Sixth Amendment or *Blakely*, his sentence was not "unauthorized by law" within the meaning of Ohio Rev. Code § 2953.08(D) and petitioner did not have the right to appeal his sentence. Since petitioner had no right to appeal, counsel's advice to that effect was not objectively unreasonable and petitioner's ineffective assistance of counsel claim must fail. *See Craig v. Moore*, No. 1:07-cv-67, 2008 WL 339628 at *3-4 (S.D. Ohio Feb. 6, 2008) (Dlott, J.) ("[T]he Sixth Amendment right to effective assistance of counsel on appeal only applies to those appeals which a state defendant may take as a matter of right.").

Finally, petitioner argues that even if the trial court advised him of his appeal rights, his counsel still had a duty to inquire whether petitioner wanted him to file a timely appeal. (Doc. 14 at 2). Petitioner asserts he was denied the effective assistance of trial counsel because counsel failed to consult with him about an available appeal. To the extent that petitioner contends he is entitled to relief because his trial counsel failed to either consult with him about his appeal options or file a timely appeal on his behalf, his allegations are insufficient to give rise to an actionable claim in this habeas corpus proceeding.

In *Roe v. Flores-Ortega,* 528 U.S. 470 (2000), the Supreme Court held that in cases where counsel consults with the defendant about an appeal, counsel "performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Roe,* 528 U.S. at 478. The Court further held that in cases where counsel has not consulted with the defendant about an appeal, such failure to consult amounts to "professionally unreasonable" conduct only "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this

16

particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 478, 480.

Petitioner has not demonstrated that his counsel's conduct was ineffective to the extent counsel consulted with petitioner about an appeal. Petitioner has never indicated that he expressly instructed his trial attorneys to appeal his sentence as required under *Roe.* Indeed, although it is clear from the record that petitioner was informed of his right of appeal to be exercised within 30 days of sentencing, there is no evidence in the record even remotely suggesting that petitioner ever conveyed to his counsel or the trial court his desire to exercise that right. Therefore, petitioner is unable to demonstrate that his trial counsel provided ineffective assistance by failing to file a timely appeal on his behalf.

In addition, petitioner has not shown that his counsel failed to consult him about an appeal where there is reason to think that a rational defendant would want to appeal. In deciding whether a rational defendant would want to appeal, a "highly relevant factor . . . will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Roe,* 528 U.S. at 480. Other factors include "whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." *Roe,* 528 U.S. at 480.

Here, by virtue of the agreed-to sentence imposed by the trial court and the operation of Ohio Rev. Code § 2953.08(D), petitioner had no right to appeal a sentence authorized by law as explained above. Accordingly, it was not constitutionally ineffective assistance of counsel to conclude that a rational defendant in petitioner's situation would not want to appeal an agree-to

17

consecutive sentence under the circumstances of this case.

Finally, the record does not show that petitioner reasonably demonstrated his interest in appealing his conviction or sentence. Petitioner chose to enter a guilty plea to reduced charges in exchange for the imposition of an agreed-to 12 year prison term and the dismissal of other criminal charges. Although petitioner was informed of his right of appeal, there is no indication in the record that he ever expressed an interest in pursuing an appeal. Thus, petitioner has failed to show he reasonably demonstrated to trial counsel that he was interested in appealing. *Roe,* 528 U.S. at 480. Thus, petitioner's trial counsel had no constitutional obligation to file a notice of appeal for him.

In the absence of any evidence indicating a rational defendant in petitioner's circumstances would have wanted to appeal his conviction or sentence, petitioner has not demonstrated (1) that his counsel acted unreasonably to the extent he may not have consulted with petitioner about his appeal "options," or (2) that he was "prejudiced" by such conduct to the extent no "reasonable probability [exists] that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed" his conviction or agreed-to sentence. *Cf. Roe,* 528 U.S. at 484-86; *United States v. Lovell,* 83 Fed. Appx. 754, 759-60 (6th Cir. Dec. 8, 2003) (not published in Federal Reporter), *cert. denied,* 541 U.S. 1035 (2004). Therefore, petitioner has not demonstrated that the ineffective assistance of counsel deprived him of his right to an appeal as alleged in Ground One of the petition.

Accordingly, the claims alleged in Grounds One and Two of the petition should be denied.

## IV. GROUNDS THREE AND FOUR ARE WITHOUT MERIT.

In his third ground for relief, petitioner contends that his sentence violates the Ex Post Facto Clause "[b]ecause the judicial severance of *Foster* changes the actual terms of the statutes. . . . Because the Ex Post Facto Clause prohibits the State of Ohio from retroactively increasing these

18

criminal penalties, [petitioner's] sentence must be reduced to the lowest common denominator of six (6) years." (Doc. 10, Exhibit 11 at 11-12). Petitioner's fourth ground for relief asserts that he was deprived of due process of law based on the state's failure to put him on notice that his sentence would be enhanced.

Petitioner's ex post facto claim is without merit because it relies on the mistaken premise that petitioner was sentenced under the post-*Foster* statutory scheme. As explained above, Ohio's sentencing statute as revised by *Foster* was not applied to petitioner because there was an agreed sentence that was actually imposed by the trial court. Under these circumstances, there was no impermissible ex post facto effect on petitioner's sentence. *Cf. Johnson v. Moore*, No. 1:07-cv-258, 2008 WL 696810, at *3-4 (S.D. Ohio March 13, 2008) (unpublished) (Spiegel, J.) (no impermissible ex post facto effect where petitioner sentenced prior to *Foster* decision and where agreed sentence was actually imposed by trial court thereby negating any need for additional fact-finding).

In any event, petitioner cannot prevail on an ex post facto challenge to the *Foster* decision. Under the Ex Post Facto Clause of the United States Constitution, a state is prohibited from passing a law that (1) "makes an action done before the passing of the law, and which was innocent when done, criminal;" (2) "aggravates a crime, or makes it greater than it was, when committed;" (3) "changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed;" and (4) "alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender." *Rogers v. Tennessee*, 532 U.S. 451, 456 (2001) (quoting *Calder v. Bull*, 3 U.S. 386, 390 (1798) (Chase, J.)); *see also* U.S. Constit. Art. I, § 10. Ex Post Facto Clause concerns are not

19

triggered in the case-at-hand because "by its very text [the clause] applies only to a limitation on the powers of the legislature and not to judicial decisions." *McGhee v. Konteh,* No. 1:07cv1408, 2008 WL 320763, at *10 (N.D. Ohio Feb. 1, 2008) (unpublished); *see also Rogers,* 532 U.S. at 456, 460 (refusing to extend the strictures of the Ex Post Facto Clause to judicial decisions "through the rubric of due process").

Nevertheless, the Fourteenth Amendment's Due Process Clause does limit *ex post facto* judicial decision-making. *Rogers,* 532 U.S. at 456. Although the Due Process Clause does not incorporate the specific prohibitions of the Ex Post Facto Clause, retroactive judicial decision-making must comport with "core due process concepts of notice, foreseeability, and, in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct." *Id.* at 459 (citing *Bouie v. City of Columbia,* 378 U.S. 347, 351, 352, 354-55 (1964)); *see also United States v. Barton,* 455 F.3d 649, 654 (6th Cir.) ("when addressing *ex post facto*-type due process concerns, questions of notice, foreseeability, and fair warning are paramount"), *cert. denied,* 127 S.Ct. 748 (2006).

Here, petitioner is unable to prevail on any claim that he lacked sufficient notice or "fair warning" because *Blakely, Booker,* and *Foster* did not change the elements necessary to convict petitioner of the aggravated robbery and felonious assault charges, and petitioner was aware of the potential penalties he faced on such charges both before and after *Foster. McGhee, supra,* 2008 WL 320763, at *11. In 2005, when the crimes were committed in this case, the then-applicable provisions of Ohio's sentencing statute provided sufficient notice to petitioner that the trial court had discretion to impose non-minimum sentences as long as the court made certain findings consistent with Ohio Rev. Code §2929.14(B). In other words, petitioner was on notice that he

potentially faced non-minimum sentences so long as the sentencing judge made the requisite

findings. Similarly, post-*Foster,* petitioner knew that the trial court retained the discretion to

impose non-minimum sentences without additional fact-finding. Therefore, both before and after

*Foster,* petitioner was on notice and thus had "fair warning" of the potential penalties he faced and

of the trial court's discretion to impose those penalties. As one Ohio district court reasoned in

rejecting an Ohio prisoner's *ex post facto*-type due process claim challenging his re-sentencing

under *Foster* to the same maximum prison term that had been imposed pre-*Foster*:

> Prior to *Foster,* the trial court made additional findings of fact consistent with Ohio
> Revised Code § 2929.14(C) and sentenced Petitioner to the maximum sentence
> available under Ohio Revised Code § 2929.14(A)(1): ten years. Under
> constitutional law as Ohio courts interpreted it at the time, Petitioner was not entitled
> to . . . proof beyond a reasonable doubt as to the additional findings of fact required
> by Ohio Revised Code § 2929.14(C).

> Now, Petitioner alleges that his due process rights were violated because he has a
> right to . . . proof beyond a reasonable doubt under the new law arising from *Foster.*
> After *Foster,* the elements of the crime for which Petitioner was charged were
> unaffected. . . . Further, Petitioner's claim of a right to . . . trial by jury regarding
> sentencing factors lacks merit because, following *Foster,* the trial judge maintains
> discretion under Ohio Revised Code § 2929.14(A)(1) to impose a sentence in the
> range of three to ten years for a first degree felony based upon facts admitted by the
> defendant or found by a jury. Therefore, the statutory maximum for *Apprendi*
> purposes is ten years, as Petitioner believed it was before *Foster.*

> Since the *Foster* decision does not change the elements necessary to convict
> Petitioner or the potential maximum sentence that Petitioner faced for a first degree
> felony, *Foster* does not raise an *ex post facto*-type due process violation. Moreover,
> the trial judge's application of *Foster* to Petitioner's case did not violate *Apprendi*
> because he did not sentence Petitioner beyond the statutory maximum.

*McGhee, supra,* 2008 WL 320763, at *11. The rationale of the *McGhee* court applies equally in the

case of non-minimum sentences like petitioner's.

The Court notes that both the federal district courts and Ohio courts have rejected *ex post*

*facto* challenges to the *Foster* decision. *See, e.g., Rettig v. Jefferys*, 557 F. Supp.2d 830, 841 (N.D. Ohio 2008) (citing Ohio cases); *Hooks v. Sheets*, No. 1:07-cv-520, 2008 WL 4533693 (S.D. Ohio Oct. 3, 2008) (unpublished) (Beckwith, J.); *Collins v. Warden, Chillicothe Corr. Inst.*, No. 3:06-cv-256, 2008 WL 728390 (S.D. Ohio Mar. 17, 2008) (unpublished) (Rice, J.; Merz, M.J.).[10] *See also Parker v. Warden*, No. 3:08-cv-322, 2008 WL 4547490 (S.D. Ohio Oct. 10, 2008) (unpublished) (Rice, J.; Merz, M.J.) (finding no merit to *ex post facto* challenge where crime committed before *Foster*, but sentenced imposed after *Foster* decided). Accordingly, the undersigned concludes that petitioner's rights under the Constitution's Ex Post Facto and Due Process Clauses were not violated when the trial court sentenced petitioner to non-minimum terms of imprisonment.

Because this Court recommends that petitioner's third and fourth grounds for relief be denied on the merits, the Court declines to address respondent's contention that such claims are procedurally defaulted and waived.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 3) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to the petition because petitioner has failed to make a substantial showing of the denial of a constitutional right based on these claims. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner

---

[10] The circuit courts have uniformly rejected *ex post facto* challenges to the application of advisory sentencing guidelines to federal criminal defendants who committed crimes prior to *Booker. See, e.g., United States v. Barton,* 455 F.3d 649, 653-657 (6th Cir.), *cert. denied,* 127 S.Ct. 748 (2006) (*United States v. Booker,* 543 U.S. 220 (2005), does not violate *ex post facto* ) (and numerous cases cited therein).

leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 2/24/09

KJ

Timothy S. Hogan
United States Magistrate Judge

23

EVANDER KELLEY,
Petitioner,

Civil Action No. 1:08-cv-71

Spiegel, J.

vs.

Hogan, M.J.

TIMOTHY BRUNSMAN, WARDEN,
Respondent.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within fifteen (15) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☑ Agent ☐ Addressee |
| | B. Received by ( *Printed Name* ) \| C. Date of Delivery |
| 1. Article Addressed to:<br><br>Evander Kelley 519-761<br>Lebanon Corr. Inst.<br>PO Box 56<br>Lebanon, OH 45036 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. |
| | 4. Restricted Delivery? *(Extra Fee)* ☐ Yes |
| 2. Article Number<br>*(Transfer from service label)* | 7002 3150 0000 8388 4766 |

PS Form 3811, August 2001        Domestic Return Receipt        102595-01-M-2509

1: 08cv71 (Doc. 15)