```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

|                        |   |                    |
|------------------------|---|--------------------|
| EVANDER KELLEY,        | : | NO. 1:08-CV-00071  |
| Petitioner,            | : |                    |
| vs.                    | : |                    |
|                        | : | **OPINION AND ORDER** |
| TIMOTHY BRUNSMAN,WARDEN, | : |                  |
| Respondent.            | : |                    |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 15) and Petitioner's Objection (doc. 17). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation and DENIES Petitioner's Petition for Writ of Habeas Corpus.

**I.   Background**

In 2005, the Hamilton County, Ohio Court of Common Pleas sentenced Petitioner on three counts of aggravated robbery, three counts of robbery, and five counts of felonious assault, each with four firearm specifications (doc. 15). On May 8, 2006, Petitioner pled guilty to three counts of aggravated robbery and three counts of felonious assault, each with one specification (Id.). The remaining charges were dismissed (Id.). Pursuant to the agreed sentence contained in the plea agreement, the trial court sentenced Petitioner to concurrent prison terms of nine years for aggravated robbery and three years for felonious assault with concurrent three

year sentences for each specification (Id.).

On August 11, 2006, Petitioner filed a notice of appeal and a motion for leave to file a delayed appeal in the First District Court of Appeals (Id.). The Court of Appeals denied Petitioner leave to appeal because he did not provide a sufficient reason for his failure to perfect a timely appeal and because there was an agreed sentence (Id.).

Petitioner then filed a notice of appeal to the Ohio Supreme Court (Id.). On February 7, 2007, the Ohio Supreme Court denied Petitioner leave to appeal and dismissed the appeal as it failed to include any substantial constitutional question (Id.).

Subsequently, Petitioner filed this instant habeas action setting forth four grounds for relief (Id.). Petitioner alleged that the Court of Appeals denied his "absolute right to procedural due process "by overruling" a motion for leave to appeal in lieu of record evidence that the [Petitioner] waived his right to appeal and his right to court appointed counsel for such appeal" (Id.). Second, Petitioner alleged that the Court of Common Pleas violated his right to trial by jury by sentencing him to a term which exceeded the statutory maximum mandated by the Sixth and Fourteenth Amendments (Id.). Third, Petitioner alleged the Court of Common Pleas violated his rights under the Ex Post Facto Clause of the Constitution by sentencing him to a term which exceeded the maximum available under the statute at the time of the offenses (Id.).

2

Finally, Petitioner alleged that his sentences were void because he was never put on notice that his sentence of six years was to be enhanced at sentencing (Id.). The Magistrate Judge has reviewed Petitioner's claims and Petitioner has responded such that this matter is now ripe for the Court's consideration.

**II. The Magistrate Judge's Report and Recommendation**

After reviewing Petitioner's grounds for relief, the Magistrate Judge found all four grounds lacking in merit. As to the first ground for relief, the Magistrate Judge found that Petitioner's allegation of a due process violation by the Ohio Court of Appeals failed to give rise to a cognizable constitutional claim subject to review in federal habeas proceedings (Id.). A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not on a perceived error of state law. Pulley v. Harris, 465 U.S. 37, 41 (1984). Here, the Magistrate Judge found Petitioner's claim, that the trial court erred by not complying with Ohio Criminal Rule 32(A), to be incognizable in this federal habeas corpus petition (doc. 15). Similarly, the Magistrate Judge found Petitioner's claim that the Ohio Court of Appeals improperly denied his motion for delayed appeal a collateral matter unrelated to Petitioner's detention and thus not cognizable in federal habeas corpus. Cress v. Palmer, 484 F.3d 844, 853 (6th Cir. 2007). Finally, the

3

Magistrate Judge determined the Ohio Court of Appeals' denial of Petitioner's motion for leave to file a delayed appeal does not, in itself, amount to a violation of due process. Granger v. Hurt, 215 Fed. Appx. 485, 494-95 (6th Cir. 2007).

The Magistrate Judge also found without merit Petitioner's claims, that he was not informed of his appellate rights and his counsel mistakenly advised him he had no right to appeal his sentence (doc. 15). The Magistrate Judge determined from the record Petitioner was clearly informed and aware of his appellate rights (Id.). The Petitioner signed a guilty plea agreement indicating he understood the nature of the charges, was satisfied with his attorney's advice, counsel and competence, and Petitioner was not under the influence of drugs or alcohol (Id.). The plea agreement also showed Petitioner had been advised of his right to appeal and of the time limit for filing an appeal (Id.). Likewise, the Magistrate Judge found Petitioner failed to establish a claim for ineffective assistance of counsel under the two prong test set forth in Strickland v. Washington, 466 U.S. 668, 684 (1984).

Under Strickland, to satisfy the first prong of the test, Petitioner must show his attorney made such serious errors that the attorney was not functioning as "counsel" as guaranteed by the Sixth Amendment (Id. at 687). Under the second prong, Petitioner must show the attorney's poor performance prejudiced Petitioner by

4

undermining the reliability of the sentencing result (Id. at 694).

Here, the Magistrate Judge determined Petitioner failed to show he was denied effective assistance of counsel (doc. 15). The Magistrate Judge found any prejudice arising out of the original conviction and sentencing for four separate weapons charges was cured when Petitioner was re-sentenced (Id.). The Magistrate Judge also concluded Petitioner's attorneys had no duty to guarantee his presence at the re-sentencing hearing because the hearing was held for a very limited purpose and Petitioner had already been given an opportunity to be heard at the original sentencing hearing (Id.). Thus, there was no prejudice to Petitioner (Id.). Furthermore, the Magistrate Judge found Petitioner failed to satisfy the first prong of the test because counsel's advice was not objectively unreasonable in the light of the express terms of the parties' plea agreement (Id.). Due to the fact Petitioner had no right to appeal under Ohio Rev. Code § 2953.08, counsel's advice to that effect was not objectively unreasonable (Id.).

The Magistrate Judge similarly found without merit Petitioner's second ground for relief, that his sentence was "not authorized by law" under the Sixth and Fourteenth Amendments (Id.). The Magistrate Judge found the record did not reflect that Petitioner's aggregate twelve year sentence was unauthorized by law because it did not exceed the maximum terms permitted under the

5

statutes of conviction (Id. citing Ohio Rev. Code § 2929.14(A)(1),(2)). Similarly, the Magistrate Judge found Petitioner's sentences did not exceed the statutory maximum terms for his convictions and Petitioner was not denied his constitutional right of appeal under Ohio Rev. Code § 2953.08(D) (Id.).

The Magistrate Judge also rejected Petitioner's argument that his sentence was unconstitutional as revised by State v. Foster, 845 N.E.2d 470 (2006). When Petitioner was sentenced, Foster had already been decided and was applicable to his sentencing (doc. 15). The Magistrate Judge explained that under Foster, trial courts are allowed full discretion to impose a prison sentence within the statutory range without having to make findings or give reasons for imposing maximum, consecutive, or more than minimum sentences (Id.). Here, the Magistrate Judge opined, the trial judge did not engage in impermissible fact-finding because he imposed the non-minimum sentences to which Petitioner agreed in his plea (Id.). Thus, the Magistrate Judge found the trial court accepted the terms bargained for by the parties and the Court could not say that Petitioner's sentence violated the Sixth Amendment or the standards set forth in Blakely v. Washington, 542 U.S. 296 (2004). (Any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt) (Id.). Here, the Magistrate Judge found

Blakely's standard satisfied because the sentence was within the statutory guidelines.

With regard to Petitioner's third ground for relief, the Magistrate Judge found meritless Petitioner's Ex Post Facto claim (Id.). The Magistrate Judge determined Petitioner's claim was based on the mistaken premise that the sentence was under the post-Foster statutory scheme, when in fact, the sentencing statute as revised by Foster was not applied to Petitioner (Id.). Because there was an agreed sentence that was imposed by the trial court, there was no impermissible Ex Post Facto effect on Petitioner's sentence (Id.).

Finally, as to Petitioner's fourth ground for relief, the Magistrate Judge determined there was sufficient notice for the sentences (Id.). Petitioner was aware of the potential penalties he faced and the elements necessary to convict him of aggravated robbery and felonious assault (Id.). Thus, the Magistrate Judge concluded Petitioner was on notice of his potential non-minimum sentences at the court's discretion and was aware that non-minimum sentences could be imposed without additional fact finding (Id.).

The Magistrate Judge therefore recommended that this Court deny Petitioner's petition for writ of habeas corpus. The Magistrate Judge further recommended this Court deny a certificate of appealability, certify that any appeal of this order would not be taken in good faith, and deny Petitioner leave to appeal in

7

forma pauperis (Id.).

**III. Petitioner's Objections**

Petitioner objected to the Magistrate Judge's Report and Recommendation, reiterating his belief that he was denied procedural due process of law (doc. 17). Particularly, Petitioner argued that the Magistrate Judge failed to address both federal and state court subject matter jurisdiction (Id.). Petitioner also claimed that the aggravated robbery statute he was charged under failed to allege a mens rea element (Id.). As a result, Petitioner claims he was not provided notice as required under the Sixth and Fourteenth Amendments to the United States Constitution (Id.). Finally, Petitioner reiterated his claim that he was not put on notice that his sentence was to be enhanced at sentencing (Id.).

**IV. Discussion**

The Court reviews this matter de novo because Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. Fed. R. Civ. P. 72(b). Rule 72(b) states that "[t]he district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the Magistrate Judge's disposition to which specific written objection has been made in accordance with this rule" (Id.). The Rule further indicates that "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge

8

with instructions" (Id.).

The Court rejects Petitioner's initial objection to the Magistrate Judge's report, that the state lacked subject matter jurisdiction. As addressed by the Magistrate Judge, because the Ohio Court of Appeals summarily denied Petitioner's motion for a delayed appeal, and the Supreme Court of Ohio declined jurisdiction, there was no decision to evaluate under 28 U.S.C. § 2254. Therefore, the Magistrate Judge conducted his own deferential review and this Court accepts and adopts his reasoning. The Court thus agrees with Petitioner that there is federal subject matter jurisdiction over this habeas corpus claim.

In regards to Petitioner's second objection, that the statute failed to allege a mens rea element, this Court finds Petitioner's argument unpersuasive. Petitioner cites State v. Cimpritz, 158 Ohio St. 490 (1953) and State v. Colon, 885 N.E. 2d 917 (2008) for support. Crimpitz stands for the proposition that the elements for a crime must be gathered wholly from that statute, while Colon held that an indictment that failed to state a mens rea for robbery was structurally defective. Colon at 922.

However, Petitioner's case support fails to address the issue on point and is misguided. After the opinion in State v. Colon (Colon I) was issued, the court clarified its holding in a subsequent case, State v. Colon II, 885 N.E. 2d 917 (2008). This decision held that the situation in Colon I was unique and that

9

structural-error analysis only applies to rare cases in which multiple errors at the trial follow the defective indictment. The court further held that "seldom will a defective indictment have this effect, and therefore, in most defective indictment cases, the court may analyze the error pursuant to Crim.R. 52(B) plain-error analysis" (Id.). Under this plain-error analysis, an error can be determined to be inconsequential by a reviewing court. State v. Canyon, 2009 Ohio 1263, P10 (Ohio Ct. App., Hamilton County Mar. 20, 2009). This Court concludes that plain-error analysis applies here because unlike in Colon I, the "defective indictment in this case did not permeate the proceedings" (Id.). Under this analysis, there can only be a plain error if the outcome of the trial would have been different, but for the error (Id.). Furthermore, when a defendant fails to object to an indictment that is defective because the indictment did not include an essential element of the offense charged, a plain-error analysis is appropriate. State v. Morgan, 2009 Ohio 1370 (Ohio Ct. App., Hamilton County Mar. 27, 2009).

Here, the Court cannot conclude that the outcome of the trial would have been different. The trial testimony and records make clear that there was no question about Petitioner's mens rea. Equally important, Petitioner's guilty plea is a complete admission of defendant's guilt. Crim. R. 11(B)(1). In entering a guilty plea, a defendant is not stating that he did discrete acts

described in the indictment; he is admitting guilt of a substantive crime. State v. Morgan, 2009 Ohio 1370 (Ohio Ct. App., Hamilton County Mar. 27, 2009). Thus, this Court concludes that the defect in the indictment was not outcome-determinative and it rejects Petitioner's argument.

Petitioner's third objection, that he was not given notice of the charges against him contrary to both the United States Constitution as well as the Ohio Constitution, is similarly without merit. In Williams v. Haviland, the court held that in a state prosecution, due process mandates only that the "indictment provide the defendant with fair notice of the charges against him to permit adequate preparation of his defense." 467 F.3d 527 (2006), citing Koontz v. Glossa 731 F.2d 365, 369 (6th Cir. 1984). The Haviland court found that fair notice was given when the offense was described with enough precision and certainty so as to inform the accused of the crime with which he stands charged. Id. Furthermore, the court held that such certainty is required to enable a presumptively innocent defendant to prepare for trial. Id.

In the case at hand, the indictment undoubtedly provided Petitioner with fair notice of the charges against him. As discussed in the Magistrate Judge's Report and Recommendation, Petitioner understood the nature of the charges against him and was clearly aware of his appellate rights. In addition, the guilty plea and sentencing transcript confirm that Petitioner read,

understood, and discussed the guilty plea (Id.). Thus, the Court rejects Petitioner's claim that he was not put on notice of the charges against him as meritless.

In Petitioner's fourth objection, he claimed he was never put on notice that his sentence could be enhanced at sentencing. However, having reviewed this matter, the Court is satisfied that Petitioner had ample understanding of his sentence and there was no procedural due process defect. In 2005, when the crimes were committed, "the then-applicable provisions of Ohio's sentencing statute provided sufficient notice to Petitioner that the trial court had discretion to impose non-minimum sentences as long as the court made certain findings consistent with Ohio Rev. Code §2929.14(B)" (doc. 15). Therefore, Petitioner was on notice that he faced potential non-minimum sentences as long as the sentencing judge made the requisite findings (Id.).

Having reviewed and considered this matter de novo, the Court finds the Magistrate Judge's Report and Recommendation thorough and well-reasoned. The Court therefore adopts and affirms in all respects the opinions expressed in the Report and Recommendation (doc. 15), and denies Petitioner's Objections (doc. 17).

## V.  Conclusion

For the aforementioned reasons, this Court ADOPTS the Magistrate Judge's Report and Recommendation (doc. 15), and

DENIES WITH PREJUDICE Petitioner's Petition for Writ of Habeas Corpus (doc. 3).  The Court also DECLINES to issue a certificate of appealability with respect to the petition because Petitioner failed to make a substantial showing of the denial of a constitutional right based on these claims.  See 28 U.S.C. § 2253(c), Fed. R. App. P. 22(b). Finally, pursuant to 28 U.S.C. §1915(a)(3), this Court CERTIFIES that any appeal of this order will not be taken in good faith, and any application to appeal in forma pauperis will be DENIED.

SO ORDERED.

Dated: June 9, 2009          /s/ S. Arthur Spiegel
                             S. Arthur Spiegel
                             United States Senior District Judge